UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID J. MCMILLAN,<br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF MICHIGAN, *et al.*,<br>　　　　Defendants. | No. 2:25-cv-32<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff's objection to Judge Vermaat's March 18, 2025 report and recommendation. (ECF No. 10). Judge Vermaat recommended that this action be dismissed. (ECF No. 9). The court will adopt the report and recommendation over Plaintiff's objection.

### I.

Plaintiff David J. McMillan filed this civil rights complaint under 42 U.S.C. § 1983 against several Defendants. (ECF No. 1). As detailed in the thorough report and recommendation, Plaintiff's complaint tells a lifelong story of hardship and suffering. Even so, Plaintiff failed to state a claim. (ECF No. 9). Plaintiff's claims are either barred by the statute of limitations, lack state action, or suffer other pleading deficiencies. (*Id.* at PageID.85-90). The report and recommendation also recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.* at PageID.91).

1

II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

III.

Plaintiff filed an objection to the report and recommendation. (ECF No. 10). It appears to be a drafted email that was printed and mailed to the court. (*Id.*). Plaintiff fails to articulate any specific legal or factual objection to the report and recommendation. Accordingly, his objections are too vague, and the court will summarily reject them. *See Fharmacy Recs.*, 465 F. App'x at 456; *Miller*, 50 F.3d at 380.

## IV.

The court has conducted a review of this matter. The report and recommendation did not err in recommending dismissal.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 9) is **ADOPTED** by the court. This case is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's unsigned motion to appoint counsel (ECF No. 8) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: April 4, 2025                    /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge